Thank you. May it please the court and counsel. Jonathan Sutton was sentenced for a firearm offense that he committed while he was on supervised release for a drug offense. He has no convictions or even arrests for any sex offenses whatsoever, let alone any sex offense against a minor victim. Notwithstanding all of that, the district court in this case imposed sex offender-specific special having contact with minors and requiring him to participate in sex offender treatment. The district court did so unless and until Mr. Sutton could prove that he was not the father of his biological relative who we've called H, that biological relative's child. The district court imposed these conditions notwithstanding the fact there was not one exhibit, not one word of testimony, and nothing in the pre-sentence investigation report to support their imposition. So we're asking for them to be struck by this court. I think the parties agree that this is predominantly a factual issue, so it is helpful to go back to the district court level and understand what happened and how we got to this point. Judge Goldberg Was there something in the record of a prior proceeding that the court alluded to or relied on? Frankly, Your Honor, it's unclear what exactly the district court was relying upon in imposing the three special conditions at issue. What the government has done in its argument here is to cite back to Mr. Sutton's previous case and the proceedings when he was revoked on supervisory release for the drug offense. And the sum and substance of what the government is relying upon here are allegations made in context of supervisory release that Mr. Sutton had admitted that he had a one-year-old child who was not disclosed in the pre-sentence report in the firearm case, that he had lied about the identity of H when asked by a probation officer who she was, and that he had traveled to Missouri without permission at some point. So the problem with the reliance on those statements from the prior case, if the court can even rely upon them, is the sum does not mean there's proof by preponderance that Mr. Sutton committed incest involving H. But I also think it's problematic for the government to rely on those statements anyway because they're not in the record in this case. They were not presented as exhibits at the sentencing hearing in the firearm case. There was no testimony from anybody about them in the firearm case. Are they alluded to in the pre-sentence report? The previous allegations on supervisory release? These comments, statements, or circumstances in the previous case as to the minor, as to the one-year-old, the identity of H, is all of that alluded to in the pre-sentence report? H is disclosed as a biological relative of Mr. Sutton in the pre-sentence report in the firearm case. The specific allegations that the government is relying on to justify the special conditions in the firearm case, those are not detailed in the pre-sentence report. Well, that's what I'm getting at. They arose in a previous case if they occurred at all, right? Right. So how does reference to those things even get into the record of this case? Is it just the district judge remembering that, oh yeah, those things came up? Did the government bring them up without offering any proof? Sure. Why are we even talking about those things? How does anybody even know about those things? Right. And this is a very unusual fact pattern. This looked like a completely run-of-the-mill firearm case until the draft pre-sentence investigation report was disclosed. And every pre-sentence report contains a section describing the defendant's family. Both parties have the option to respond or object to the pre-sentence report. And what happened here and what set us down this path was the government's response to the pre-sentence report in which the government alleged that Mr. Sutton had a child named B and that the mother of the child was H. And that was it. There was no documentary proof attached to the government's pre-sentence report response to support that. Notwithstanding that, the case pretty much proceeded as normal from there. The government didn't make any requests for special conditions of supervised release in its sentencing memorandum. And what happened was when the parties gathered for the first sentencing hearing, the district court brought up this allegation from the government in the draft pre-sentence report and then essentially added additional details. For instance, the court's belief that H would have been a minor when B was conceived and referenced Mr. Sutton's revocation case. But it's not clear where that came from exactly because that is not established in any document that the government has cited from the previous case. And again, that's even assuming the court could go back to the previous case and consider that part of the record, which we don't think the court can do. So what is it specifically you're asking us to invalidate from the district court's order? So the court should invalidate the three special conditions of supervised release in the judgment that appear below. These conditions will apply unless and until Mr. Sutton can prove that he's not the father of B. So those are the conditions that he cannot be around children, the conditions that he participate in a sex offender evaluation and treatment and polygraph examinations, and the condition that he may have no contact with H or with B. Those are the three special conditions to which Mr. Sutton objected. And those are the three special conditions for which there's no factual basis. What release standard do we use to consider those issues? Ultimately, the court considers the propriety of special conditions of supervised release that were objected to for abuse of discretion. Now underlying this, of course, as I said, this is mostly a factual dispute. So the court will need to decide whether the district court clearly erred by making the father of this child B, who I will note, the existence of that child isn't even established by the record. There's not an exhibit. There's not testimony. There's not anything that even says this child exists. I hesitate to use the word motivated, but well, prompted would be. What prompted the district court to impose these restrictions? Is there something in the record that we can look at or find? Honestly, Judge Woolman, not really. Like I said, it all originated with the government's assertion that Mr. Sutton was the father of B. But what I would note is that the allegations from the previous, the drug case that the government cites on appeal as justification for the conditions, those facts were all known to the district court at the time that Mr. Sutton had a revocation hearing in that previous case in October of 2022. And notwithstanding that, if you do look to the record of the previous case, the district court did not impose these special conditions at issue. So to answer your question, Judge Woolman, I think one of the problems is we don't really know where the district court got its information and what was underlying its decision to impose these three conditions. Again, subject to Mr. Sutton proving that he was not the father of B. I wrote down on my notes, this is very judgmental of me. Sutton has a terrible criminal record. Maybe that's overstating it. He's certainly not free of any criminal record, is he? That's fair. I mean- Absolutely. But your point is for whatever other wrong things he did, there's nothing to justify the restrictions the district court imposed regarding his sexual conduct or words to that effect. Right. No one would say that Mr. Sutton is generally a law-abiding citizen, but I would say, as I said at the outset, there's not a single arrest, not a single conviction for a sex offense in his history. Well, counsel, Judge Rose is familiar with Mr. Sutton and presided over the previous matters. Is that enough that can't we credit the court's own knowledge of what transpired previously in the other case? It is not enough because the defendant has to be given the opportunity to rebut any evidence that's being used against him with regard to a contested sentencing allegation that forms the basis for the district court making some decision against his interests. So here, you can imagine any number of ways, if this allegation were true, that the government could have tried to prove it. They referenced an investigation by the Davenport Police Department that went cold. They could have called a witness from the Davenport Police Department. They referenced the fact that these allegations appeared to come from Mr. Sutton's ex-wife originally. They could have called the ex-wife as a witness. They could have called H as a witness. There were any number of things, but the defendant ultimately has the right to try to contest any allegations that are being used against him, and Mr. Sutton was not afforded that right because this information was not in the record. Counsel, do you wish to reserve any time? Yes, please, Your Honor. Thank you. Mr. Hanson? Good morning, and may it please the court. I'm Kyle Hanson on behalf of the United States. The facts in this case were circumstantial, but they were sufficient to establish that Mr. Sutton committed a sex offense that qualifies him for sex offender conditions. Well, as you can tell from our questioning of the appellant, we're interested, where in the record do we find this evidence? So it's very clear on page two of the first sentencing hearing, the district court specifically references the supervised release proceedings in the previous case, and then actually goes through and summarizes each of the violations that came up, and not only the final one that she presided over, but the two previous ones that Judge Jarvie presided over. So the court is very familiar, is specifically giving the parties notice of where that information is coming from. And what was that information? You're saying it's in the pre-sentencing documents for the prior offense. It is. What's contained there that tells us there is a child that the defendant's responsible for, and that he has committed acts that would warrant imposition of these restrictions? Sure. They come from the supervised release documents in the previous case, which is 309-CR-70, which is cited in all the parties' briefs on appeal. And it's specifically at the range of docket numbers between 63 and 93. And I will try to get through those and explain to you where this comes from. And like I said, it's circumstantial, but it is sufficient. And reasonable judges looking at these facts might reach different conclusions. But in a clear air review, this court has to be convinced by the defendant that the district court made a definite mistake. And that didn't happen here. So starting with whether the child exists, the defendant on page 25 to 26 of the second sentencing hearing admitted the child does exist, but he disputed fathering the child. Next, if you look at docket number 77 from that prior case, there is a supervised release violation where the defendant admits that he fathered, or that he went to visit his one-year-old child. So that child is consistent age with child B in this case. And not only that, he has conspicuously changed his story on that. The PSR does not disclose any child that young. I think the district court can reach the reasonable conclusion that acknowledging his paternity of that child is now incriminating. So he changed his story. You're saying we can find in the record a statement by the defendant that he is the father of this child? There is an allegation that he was out of state without authorization. And his excuse to his probation officer was that he went to Missouri to visit his child that lives with the ex-wife. And then he stipulated to that violation at the hearing. But you're talking about a prior case? Correct. So, how do we know that's what the record in that prior case actually says? You're telling us today, but how would we verify that? First, the district court clearly incorporated those records by referring to them and summarizing them. But also, you're saying the mere referral is the incorporation? Or was there a statement of incorporation? She did not use the words judicial notice, but that is in effect what she is doing. She presided over the previous proceedings. She was familiar with them, and that's what she's doing. But beyond that, this court can take judicial notice of those proceedings. And I would encourage the court to do that if it has any doubt about- Well, why didn't the government obtain that portion of the record that it thought was pertinent, and then offer them in the record of this proceeding? The government certainly could have done it that way. I don't know why it wasn't done beyond the fact that the judge already made clear that she's familiar with the case and was considering those prior supervised release proceedings. Well, doesn't the defendant have a right to understand what factual allegations are being made, and to see and understand the proof that the government is proposing that the court consider, and have an opportunity to respond to that? Yes, but importantly in this case, there was no objection in the district court about the source of the information. The defendant just did not object once the court indicated that it was referencing those supervised release proceedings. So if there is any review of that procedure, it is plain error review right now. And what the court did was not plainly erroneous. It cited the Lincoln case in the government's brief, where this court has recognized that when the same judge presides over the current proceeding and the prior proceedings, that it's okay to look back to those. Not to mention the ability to take judicial notice of those facts, which are plain. They're part of the record. They're online. Anyone can access them. They're indisputably judicial records that are fair to consider. Those records do establish illicit contacts with the daughter, contacts that are more reminiscent of a romantic or lover's relationship, rather than a father-daughter relationship. Among them is docket number 77 from the prior case. The daughter was found in the defendant's home. She tried to hide. She lied to the police about her identity. Defendant also lied about her identity, which matches that they knew that they weren't supposed to be together because of what happened between them. Docket number 79 talks about a police contact where defendant got mad when he, quote, found his daughter with another male in his home, which again is more indicative of an illicit relationship than a father-daughter relationship. On top of that, we have the inference that the district court drew from the facts that defendant was offered the opportunity to take a paternity test, which if he's not the father would definitively disprove the other evidence pointing to that fact. The fact that he rejected that option goes a long way toward proving that he did father the child. Contrary to the defendant's argument, that is not shifting the burden of proof. It's a fair inference that the court can draw, and it's one that, first, the district court had facts supporting the accusation and gave him the opportunity to disprove it. I would apologize to the implied consent procedure, where an officer has probable cause that the defendant is drunk driving and gives defendant the option to take a test. On one hand, it could definitively prove his guilt for drunk driving. On the other hand, there is some chance that, basically, if he denies consent and we draw an adverse inference from that, the court at a criminal trial can consider that denial as proof of guilt. And that procedure has been affirmed by the United States Supreme Court, and that's essentially what the district court did here. The court had reason to believe that he had fathered a child with his relative, gave the his rejection of that option is fair game to consider by the court. And it is not a Fifth Amendment violation to put him to that tough choice. So with that, for those reasons, the government asks that this court affirm. The district court did not clearly err, did not abuse its discretion in opposing the special conditions of supervised release. This court should affirm. Thank you. Thank you, Mr. Hanson. Just briefly, your honors, I would note that Mr. Sutton did object up and down to the imposition of these conditions. If you look at starting at page 22 in the second sentencing hearing, he objected to their imposition. He denied through his attorney the allegations that the district court was making. As I said in the brief, the district court said there was probable cause to believe he was the father of the child. The standard is preponderance of the evidence, and the court said it was going to assume that he was a sex offender if he didn't take this paternity test. That's not correct. That's not the correct procedure, and the conditions should be stricken. Thank you. Thank you, Mr. Hanson. Court thanks both counsel for participation and argument before the court this morning. We will continue to study the matter and render decision in due course. Thank you. Counsel may be excused.